UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE MANUEL CISNERO
MEDINA,

        Petitioner,

     v.

SECRETARY KRISTI NOEM,
ACTING DIRECTOR TODD M.
LYONS, ASSOCIATE DIRECTOR
DEREK GORDON, ASSOCIATE
DIRECTOR MARCOS CHARLES,
DAREN K MARGOLIN, WARDEN
FLORIDA SOFT SIDE
DETENTION CENTER,

        Respondents.

Case No. 2:26-cv-418-KCD-DNF

## ORDER

Petitioner Jose Manuel Cisnero Medina has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention without a hearing contravenes the Fifth Amendment. (*Id.* at 20-27.) Respondents oppose the petition. (Doc. 8.) For the reasons below, the petition is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Medina illegally entered the United States on December 26, 2006. (Doc. 1 ¶ 2.) Important for reasons discussed below, he was detained at the border and released. (Doc. 8-1.) Medina was recently re-detained by ICE and has been in immigration custody since February 16, 2026.[2] (Doc. 1 ¶ 63.) After processing, he landed at Alligator Alcatraz in the Middle District of Florida. (*Id.* ¶ 66.)

## II. Discussion

Medina's habeas petition raises two substantive claims through several different vehicles. First, his detention violates the INA because he is ineligible for a bond hearing. (Doc. 1 at 21.) Second, his detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (*Id.* at 23-27) These issues are addressed in turn.

### A. INA

Sections 1225 and 1226 of the INA govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called "'applicants for admission' in the language of the statute." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

---

[2] The petition elsewhere states that Medina has "been held continuously since at least September 16, 2025." (Doc. 1 ¶ 66.) This appears to be an error. The I-831 form confirms that February 16, 2026, is the correct date of detention. (Doc. 8-1 at 2, 5.)

Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Id.* The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." *Id.* at 288.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

According to Medina, he is entitled to a bond hearing under § 1226. (Doc. 1 at 93.) But this argument runs headlong into the facts. Medina was apprehended at the border. That puts him squarely under § 1225. *See, e.g.*, *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States."). The

3

fact that Medina spent time in the United States after being released—and was eventually apprehended in the country—does not change his classification. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" (quoting 8 U.S.C. § 1182(d)(5)(A))); *Moore v. Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at *3 (N.D. Ala. May 3, 2019) ("[A]lthough aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country."); *Singh v. Noem*, No. CIV 25-1110 JB/KK, 2026 WL 146005, at *36 (D.N.M. Jan. 20, 2026).

Section 1225 says nothing "whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. So Medina's continued detention without a bond hearing cannot be in violation of the INA.

**B. Due Process**

Even if Medina's detention without a bond hearing is authorized by the INA, he argues it violates the Due Process Clause. The Court cannot agree. First, it's not entirely clear that such a claim is available for aliens held under § 1225. *See, e.g., D. A. F. v. Warden, Stewart Det. Ctr.*, No. 4:20-CV-79-

CDL-MSH, 2020 WL 9460467, at *8 (M.D. Ga. May 8, 2020) ("Some courts have concluded that for arriving aliens due process is whatever procedure has been authorized by Congress."). But even assuming Medina enjoys due process protections here, they would be transgressed only by "prolonged detention" without a bond hearing. *Moore*, 2019 WL 2152582, at *9. Medina has been in custody for a month. That is short of the constitutional threshold in this context. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016) ("[T]here is little chance that a[n] . . . alien's detention is unreasonable until at least the six-month mark."); *see also Kameron v. Dep't of Homeland Sec.*, No. 7:19-CV-16-WLS-MSH, 2020 WL 9460465, at *3 (M.D. Ga. Mar. 27, 2020) (finding "no basis to conclude that Petitioner's now eighteen-month detention is unreasonable").

When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas v. Davis*, 533 U.S. 678 (2001), it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. *Id.* at 701. So until that timer goes off, *Zadvydas* itself supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Because Medina's

detention has not met the *Zadvydas* yardstick, he is not yet entitled to anything more.

Medina has not been in custody for a prolonged period, nor shown that his detention will be indefinite. So his claims under the Due Process Clause also fail. *See, e.g., Tomlinson v. Swartz*, No. 24-24844-CV, 2025 WL 1568213, at \*4 (S.D. Fla. Jan. 31, 2025).

### III. Conclusion

Based on the record provided, Medina's detention does not violate the INA or the Constitution.[3] He is thus not entitled to habeas relief, and the petition (Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions[4] and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on March 18, 2026.

Kyle C. Dudek
United States District Judge

---

[3] Medina cites a California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). *Bautista* has no application here because Medina falls outside the proposed class since he was "apprehended upon arrival." *Id.* at \*9. In addition, the Court does not find *Bautista* binding here. *See, e.g.*, *Sanchez-Moralez v. Field Off. Dir., Miami Field Off., U.S. Immigr. & Customs Enf't*, No. 26-CV-20217-JB, 2026 WL 496726, at \*2 (S.D. Fla. Feb. 23, 2026).

[4] The Warden of Alligator Alcatraz moves to dismiss, arguing he is an improper Defendant. (Doc. 6.) Because Medina is being granted no relief, the Warden's argument is a moot issue.